## Appeal of ROBERT D. GOULD.    Docket No. 771.

The letter from which this appeal was taken does not consti-
tute such a final determination of a deficiency in tax, on the part
of the Commissioner, as to confer jurisdiction on this Board to
hear and determine the appeal on its merits.

Submitted February 10, 1925; decided March 18, 1925.

*Charles C. McCarthy, Esq.*, for the taxpayer.

*B. G. Simpich, Esq.*, for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

KORNER: This appeal came on for hearing on a motion filed by
the Commissioner to dismiss the petition, for that, since the enact-
ment of the Revenue Act of 1924, he has made no determination of
a deficiency due from the taxpayer and has not since that date mailed
a deficiency letter to this taxpayer.

The taxpayer was advised by letter dated September 10, 1922, from
the Commissioner, that an audit of his return for 1918 showed an
additional tax of $1,097.90, and a similar audit of his returns for
1917 and 1920 disclosed overpayments of $722.11 and $48.82, respec-
tively,—a total of $770.93. The net additional tax thus shown to be
due for 1918 was $326.97. In his letter the Commissioner stated:

The overassessments shown herein will be made the subject of Certificates
of Overassessment, which will reach you in due course through the office of
the Collector of Internal Revenue for your district and will be applied by that
official in accordance with section 252 of the Revenue Act of 1921.

In response to this letter the taxpayer addressed a letter of inquiry
regarding the additional tax proposed to be assessed for 1918, and on
September 22, 1922, received a further communication from the Com-
missioner stating that the assessment would be made in accordance
with his former letter unless an appeal was taken within 30 days.
It does not appear that the taxpayer appealed this matter, as he was
privileged to do under the provisions of section 250(d) of the Reve-
nue Act of 1921. The taxpayer filed no claim for refund or credit
of the overpayments made by him for the years 1917 and 1920. The
reasons given by him for his failure in this regard were that he relied
upon the statement made by the Commissioner in his letter of Sep-
tember 10, 1922, which statement is quoted hereinabove. He con-
tends that, in view of that statement by the Commissioner, he (the
taxpayer) was not called upon to file claim for refund or credit,
since it was apparent such refund or credit was already in process
of being accorded him.

The taxpayer heard nothing further from this matter until Feb-
ruary 1, 1924, when he received two letters from the Commissioner,
one enclosing a waiver for the year 1918, the other referring to the
former statement of his tax liability for the years 1917, 1918, and
1920, and advising him that the credit to which he had theretofore
been entitled had become barred by the statute of limitations and
could not now be applied against his additional tax liability for
the year 1918. The taxpayer signed and returned the waiver just re-
ferred to, and soon thereafter (the record does not disclose the date)
the additional tax for the year 1918 of $1,097.90 was assessed by the
Commissioner and listed for collection with the collector at Boston.

The taxpayer filed no claim for abatement, but on March 31,
1924, paid to the collector $326.97, that being the amount of the

assessment less the overpayments made by taxpayer for 1917 and 1920 to which taxpayer contends he is entitled by way of credit. As to the balance of the assessment remaining unpaid in the amount of $770.93, the taxpayer did not file, nor has he ever filed, a claim for abatement. In the month of August, 1924, taxpayer employed counsel, who, on August 22, 1924, and September 4, 1924, addressed letters to the Commissioner requesting that this matter be reviewed and that a hearing be accorded the taxpayer in the premises. In response thereto the taxpayer received the following letter:

OFFICE OF
COMMISSIONER OF INTERNAL REVENUE
IT:PA-1
PBM-105

TREASURY DEPARTMENT,
*Washington, October 15, 1924.*

Messrs. BROWN, FIELD & McCARTHY,
185 *Devonshire Street, Boston, Mass.*

SIRS: Receipt is acknowledged of your letter dated September 4, 1924, concerning income-tax liability of Robert D. Gould, of Fitchburg, Mass.

In connection with the above you are advised that Mr. Gould's income-tax liability for 1917 to 1920 has been adjusted as follows:

| Year. | Deficiency in Tax. | Overassessment. |
|---|---|---|
| 1917_____ | _____ | $722. 11 (outlawed). |
| 1918_____ | $1,097. 90 | |
| 1919_____ | None | None |
| 1920_____ | _____ | 48. 82 |

As has been explained in previous communications the overassessment of $722.11 was outlawed and therefore can not be refunded to the taxpayer. The additional tax of $1,097.90 has been assessed by this office and should be paid upon receipt of a bill from the Collector of Internal Revenue for your district.

The overassessment of $48.82 has been made the subject of a Certificate of Overassessment which will reach the taxpayer in due course through the Collector of Internal Revenue for your district.

Respectfully,

J. G. BRIGHT,
*Deputy Commissioner.*
By A. LEWIS,
*Head of Division.*

The taxpayer treated the above-quoted letter as a statutory deficiency letter and appealed to this Board. The Commissioner moved to dismiss on the grounds heretofore stated.

This appeal presents an example of the kind of hard case that is prone to make bad law. The taxpayer feels aggrieved because in his reliance upon the statement of the Commissioner made in his letter of September 10, 1922, he (the taxpayer) failed to take the steps required of him by law to protect his rights to a claim for refund or credit. But the taxpayer's remedy does not lie with this Board. The jurisdiction granted by Congress to this Board to hear and determine taxpayers' appeals does not include an appeal based on the facts disclosed by this record. This letter of October 15, 1924, upon which taxpayer predicates his appeal, is not a final determination of an appeal; it is not a final rejection of an abatement claim; it is not a notice of determination on the part of the Commissioner to assess an additional tax, nor is it a determination of a deficiency in tax. On its face, this letter is merely one of explanation in reply to inquiry of counsel, advising of action theretofore taken by the Commissioner in this matter.

The motion of the Commissioner is granted and the petition dismissed.